United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America,  )<br>         )<br>    Plaintiff,  )<br>         )<br>    v.    )<br>         )<br> Kelvin Frye,  )<br>         )<br>    Defendant.  )<br>         ) | Criminal Action No.<br>11-10062-NMG |

MEMORANDUM & ORDER

GORTON, J.

Kelvin Frye ("Frye" or "petitioner") is currently serving a twenty-five-year sentence for conspiring to possess and distribute cocaine and heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). Frye was purportedly a leader in a drug conspiracy which lasted from approximately March 2008 until November 2010.

This Court sentenced Frye on May 10, 2013, to 300 months imprisonment, followed by a supervised term of release of ten years. Frye appealed his conviction, arguing, among other things, that this Court improperly made drug-quantity findings and imposed a statutorily mandated sentence based on those findings in violation of Allyene v. United States, 570 U.S. 99

(2013). The First Circuit Court of Appeals affirmed Frye's conviction and sentence.

Frye then filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1183). In June, 2019, this Court accepted and adopted a Report and Recommendation of Magistrate Judge Jennifer C. Boal (Docket No. 1263) ("the R&R") dismissing Frye's § 2255 petition. In July, 2019, Frye moved for reconsideration (Docket No. 1295) which this Court also denied.

Frye filed a notice of appeal to the First Circuit in October, 2019, and shortly thereafter, it directed this Court to issue or deny a certificate of appealability with respect to Frye's petition. For the following reasons, this Court will deny such a certificate.

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Reasonable jurists would not debate whether Frye's habeas petition should have been decided differently.

Frye submits that this Court improperly sentenced him under 21 U.S.C. § 841(b)(1)(A), which carries a mandatory minimum sentence of 10 years, based upon facts found by the Court at sentencing rather than by the jury at trial. Frye alleges that this resulted in a "constructive amendment" of the indictment.

It is undisputed Frye did not raise his constructive amendment claim on appeal and, for that reason, it was procedurally defaulted. Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011). In order to obtain collateral relief on his procedurally defaulted claim, then, Frye had to demonstrate cause for his procedural default and that the alleged error resulted in actual prejudice to him. Id.

Frye cannot demonstrate prejudice because, as already found by the First Circuit and explained in detail in the R&R, this Court did not impose the mandatory minimum sentence contained in 21 U.S.C.§ 841(b)(1)(A). Instead, the Court based its sentence

upon the applicable sentencing guidelines range and deliberately avoided sentencing Frye under the statutory provisions relative to aggravated offenses.

Frye also submits that this Court improperly considered a prior conviction in determining whether he qualified as a career offender. The applicable sentencing guidelines range was, however, 360 months to life regardless of whether Frye qualified as a career offender. In any event, the presiding judicial officer explicitly stated "I am not going to sentence you as a career offender, even though you deserve it" (Docket No. 936 at 51).

Accordingly, reasonable jurists could not debate that Frye's habeas petition was properly dismissed.

### ORDER

For the foregoing reasons, with respect to Frye's motion under 28 U.S.C. § 2255 (Docket No. 1183) and his motion for reconsideration (Docket No. 1295), a certificate of appealability is **DENIED**.

**So ordered.**

                                                                     Nathaniel M. Gorton
                                                                     United States District Judge

Dated November 6, 2019