United States District Court
District of Massachusetts

```
                                )
United States of America        )
                                )
              v.                )      Criminal Action No
                                )      11-10062-NMG
Kelvin Frye,                    )
                                )
              Defendant.        )
                                )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court are two motions for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) of defendant Kelvin Frye ("defendant" or "Frye").  Frye has filed, and this Court has denied, two prior motions to reduce his sentence.  See Docket Nos. 1395 and 1428.  For the following reasons, these newest motions will be denied as well.

I.    Background

In December, 2012, defendant was convicted of conspiring to distribute and to possess with intent to distribute heroin and cocaine and was subsequently sentenced to 300 months in prison.

In September, 2020, defendant filed his first motion for compassionate release.  He argued that a sentence reduction was appropriate based upon his increased risk of contracting COVID-19 due to his weight and high blood pressure.  The Court found that such conditions were not extraordinary and compelling as

-1-

that provision is concerned under §3582(c)(1)(A)(i) and denied his motion (Docket No. 1395).

Defendant filed a second motion pursuant to §3582(c)(1)(A)(i) in April, 2021, in which he alleged essentially the same conditions as in his prior pleading. The Court denied that motion as well (Docket No. 1428).

Now, Frye moves this Court to grant him compassionate release on substantially different facts. In May, 2025, Frye was diagnosed with metastatic HPV squamous cell carcinoma, a head and neck cancer that manifested as a large tumor on his tonsils. In July, 2025, he elected to undergo several serious surgeries to remove the tumor, which involved removing his tonsils and conducting reconstructive surgery on his throat. Frye was placed on a feeding tube for several months thereafter while he recovered from the surgery. As of the filing of his most recent motion in December, 2025, Frye reports that relies on his feeding tube for most of his nutrition, although medical records show that he is progressing with respect to his chewing and breathing.

The government opposes the motion on the grounds that Frye's condition does not require long-term or specialized medical care unavailable to him while incarcerated. Moreover, it asserts that Frye's egregious criminal history weighs heavily against his early release.

-2-

## II.  Motion for a Sentence Reduction

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if it finds that there are "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. §3582(c)(1)(A)(i).  Even if "extraordinary and compelling reasons" exist, a court should grant a motion for release only if it determines that the reduction is warranted under the particular circumstances of the case. See United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021).

In 2023, the United States Sentencing Commission expanded upon the meaning of "extraordinary and compelling" within the context §3582(c)(1)(A)(i).  The updated guidance provides that extraordinary and compelling reasons for relief exist when, inter alia, the

> defendant is suffering from a medical condition that requires long term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

§1B1.13(b)(1)(C).

### B. Application

Defendant contends that his cancer diagnosis and use of a feeding tube require long-term or specialized medical care that is not available to him in prison.  That argument is unavailing.

-3-

Frye's current health condition, while poor, does not appear to require treatment that the government has not been able to provide. His medical records indicate that he has been treated as necessary and that his condition is improving, albeit slowly. If his outlook materially worsened, or if the government becomes unable to provide his required care, the balance may shift. For now, Frye has not demonstrated extraordinary or compelling circumstances such that a sentence reduction is warranted.

Even if his condition were extraordinary and compelling, the circumstances surrounding Frye's case would not necessarily warrant release. Frye is currently serving a 300-month sentence for serious drug offenses, including the distribution of heroin and cocaine and the possession of a dangerous weapon. He has served approximately 60% of that sentence, and, given the severity of his crime, the Court finds that is not enough. When defendant has served a more substantial portion of his sentence, and if his medical condition has not improved, further consideration may be warranted.

-4-

−5−

**ORDER**

For the forgoing reasons, defendant's motions for compassionate release (Docket Nos. 1525 and 1543) are **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: March 16, 2026